# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

NO. 5:12-CV-00496-BO

| | | |
|---|---|---|
| CHARLES HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| MARTIN MARIETTA | ) | |
| MATERIAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This cause comes before the Court upon Defendant's motion to strike certain documents filed by Plaintiff. (DE-22). Plaintiff has not responded, and the time for doing so has expired. Accordingly, the motion to strike is ripe for adjudication. For the reasons stated herein, the motion to strike is granted.

After receiving leave to proceed *in forma pauperis*, Plaintiff filed his pro se complaint against Defendant on August 10, 2012, asserting claims of employment discrimination and retaliation. Defendant timely answered the complaint. (DE-14). On November 5, 2012, Plaintiff filed a response (DE-16) to Defendant's answer, as well as a document titled "Discovery Request." (DE-17). Defendant contends that Plaintiff's response and discovery request are improper under the Federal Rules of Civil Procedure and requests that both documents be removed from the docket.

Federal Rule of Civil Procedure 7(a) provides that a reply to an answer is permitted only "if the court orders one." Plaintiff's response constitutes a reply to Defendant's answer. However, the Court did not order Plaintiff to file a reply to Defendant's answer. Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient

1

defense or any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Defendant timely filed its motion to strike within twenty-one days after being served with Plaintiff's response. As Plaintiff's response is not permitted under Federal Rule of Civil Procedure 7(a), Defendant's motion to strike Plaintiff's response is GRANTED. *See* Daniels v. Nichols, No. 5:09-CT-3152-FL, 2011 U.S. Dist. LEXIS, at *10 (E.D.N.C. Feb. 25, 2011) (unpublished) (granting the defendant's motion to strike the plaintiff's reply to the defendant's answer).

With regard to Plaintiff's discovery request, Federal Rule of Civil Procedure 5(d)(1) provides that interrogatories and requests for documents or tangible things "must not be filed" with the court "until they are used in the proceeding or the court orders filing." The time for Defendant to respond to Plaintiff's discovery request has not yet expired, and there is presently no basis for using any discovery in this proceeding. Further, the Court has not ordered the parties to file with the Court any of the discovery that has been conducted or may be conducted in this action. Accordingly, Plaintiff's discovery request should not have been filed with the Court, and Defendant's motion to strike the discovery request filing is therefore GRANTED. The granting of this motion does not relieve Defendant from responding to Plaintiff's interrogatories and requests pursuant to the applicable Federal Rules of Civil Procedure.

For these reasons, Defendant's motion to strike (DE-22) is GRANTED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 3rd day of January, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE